[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13001
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-02936-TWT


JIMMY DAVIS,

Plaintiff - Appellant,

versus

CITY OF ATLANTA, GEORGIA,
OFFICER J. M. WOLFORD,
in his individual and official capacity,
SUHAIL ALUTAIBI,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 18, 2014)

Before WILSON, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jimmy Davis brought this action for damages against Officer J. W. Wolford and the City of Atlanta, Georgia under 42 U.S.C. § 1983, claiming that the defendants violated his constitutional rights by arresting him without probable cause and using excessive force.[1]  The district court granted summary judgment for Officer Wolford on the basis of qualified immunity, and for the City because Davis failed to demonstrate any constitutional deprivation resulting from a City custom or policy.

Wolford arrested Davis for following too closely after Davis's automobile collided with a vehicle operated by Suhail Alutaibi on August 1, 2011, on Piedmont Avenue in Atlanta.  There was a dispute about who was at fault, and Wolford credited the version of events given by Alutaibi rather than Davis.  Davis contends that he did not have a chance to explain his side of the story and that he began asking Wolford to call a supervisor.  Wolford asked Davis to sign the citation.  Davis claims that as he was moving to sign it, Wolford placed him in handcuffs and moved him to the back of Wolford's patrol car.  Wolford contends that Davis refused to sign the citation.  After complaints by Davis that the handcuffs were too tight and that there was a witness who could verify his version

---

[1] Wolford also asserted several state law claims, but these are not part of this appeal.

2

of events, Atlanta Police Department supervisors were called to the scene along with the eyewitness who eventually verified Davis's version of the accident. The supervisors apologized to Davis and released him. Davis later filed an official complaint with the Atlanta Police Department, which was investigated and resulted in an official determination that Wolford had failed to conduct a proper accident investigation. Because Davis was treated for injuries to his wrist, and sustained further injury including a torn rotator cuff, he also filed a complaint against Wolford and the City alleging that his constitutional right to be free from an unreasonable seizure was violated and that he was subjected to excessive force.

After thorough review, we agree with the district court that, although Wolford could have conducted a more thorough investigation at the scene, the investigation was not so deficient as to deprive Wolford of qualified immunity. Wolford is entitled to qualified immunity from suit if he had "arguable probable cause" for the arrest. *See Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004). It was within his discretion to initially credit the account of Alutaibi in determining who was responsible for the accident. Unlike *Kingsland v. City of Miami*,[2] the record here lacks any indication that Officer Wolford fabricated or misrepresented any information to support probable cause for Davis's arrest. The district court correctly held that, under these circumstances, Davis did not establish

---

[2] *See* 382 F.3d 1220, 1226-27 (11th Cir. 2004).

3

that no reasonable officer could have thought there was probable cause to arrest him.

Additionally, the district court correctly determined that Officer Wolford is entitled to qualified immunity on Davis's excessive force claim. The record does not demonstrate that the amount of force used was plainly unlawful, and we have previously acknowledged that "the typical arrest involves some force and injury." *Rodriguez v. Farrell*, 280 F.3d 1341, 1351-53 (11th Cir. 2002). The district court held that the handcuffing in this case did not constitute excessive force, and we agree. We also agree with the district court that Davis's vague contention that the City failed to properly train and supervise Officer Wolford because of an official policy or custom of the City is also without merit. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978).

Accordingly, under the facts alleged by Davis, we conclude that the district court's summary judgment in favor of the defendants is due to be

**AFFIRMED.**